# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1529

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Jason Lee Schwyhart, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 4, 2003

Filed: November 6, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

In 1989, Schwyhart was sentenced to 121 months' imprisonment and 5 years' supervised release upon his guilty plea to armed bank robbery. While Schwyhart was serving his supervised release, the district court[1] found that he had violated his release conditions and thus revoked supervised release and imposed a 36-month prison term. Schwyhart appeals, and we affirm.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

Schwyhart was scheduled to commence the 5-year supervised release term in October 1997. Prior to his release, however, a detainer was filed against him in another district court for charges of assaulting an inmate. Schwyhart was convicted and served a 60-month prison sentence on the assault charge and thus was not released from prison until March 2002. Beginning in September 2002, the probation office filed three violation reports. Until the sentencing portion of those revocation proceedings, Schwyhart proceeded pro se--at his choice, against the court's strong advice--with the assistance of standby counsel.

Schwyhart's counsel argues on appeal that Schwyhart's supervised release had expired prior to some or all of the violations and that he was not given adequate notice of his release conditions or of the violations relied upon by the court. In a pro se supplemental brief, Schwyhart argues additionally that none of the violations justified the 36-month sentence; there was insufficient evidence of some of the violations; the district court's refusal to allow him to cross-examine a witness at the revocation hearing violated his right to confront witnesses; his decision to represent himself was an invalid waiver of counsel; the district court's refusal to appoint new counsel and an investigator, and to ensure his access to a law library, violated due process; and counsel was ineffective.

All of the foregoing arguments fail, and we reject them with little discussion: (1) given the time that Schwyhart served on his subsequent assault conviction, he was still on supervised release for his bank-robbery conviction on January 7, 2003, when he committed the last violations relied upon by the district court, see 18 U.S.C. § 3624(e) (term of supervised release does not run while person is imprisoned for at least 30 days); (2) he received written notice of his release conditions when he was sentenced on the bank robbery, see 18 U.S.C. § 3583(f); (3) he received adequate notice of the violations at issue before the preliminary hearing and the revocation hearing, and any irregularity in the notice process was harmless, see Fed. R. Crim. P. 32.1(b)(1)(A), (b)(2), 52(a); (4) the district court had ample evidence to find

Schwyhart violated his release conditions, <u>see</u> 18 U.S.C. § 3583(e)(3) (court must find violation by preponderance of evidence); (5) the sentence was within the limits of section 3583(e)(3), and was not an abuse of discretion, <u>see</u> <u>United States v. Grimes</u>, 54 F.3d 489, 492 (8th Cir. 1995); (6) the district court did not abuse its discretion in limiting cross-examination of a witness at the revocation hearing, <u>see</u> <u>United States v. Love</u>, 329 F.3d 981, 984 (8th Cir. 2003) (standard of review); (7) the court discussed with Schwyhart his decision to represent himself, setting out the problems involved, <u>see</u> <u>United States v. Stewart</u>, 20 F.3d 911, 917 (8th Cir. 1994); (8) he was not denied due process by the district court's refusal to appoint new counsel or an investigator, or to address his concerns about a law library, because the court appointed the federal public defender to represent him, first as standby counsel then as primary counsel upon Schwyhart's request; and (9) his ineffective-assistance claim is not properly before us, <u>see</u> <u>United States v. Cain</u>, 134 F.3d 1345, 1352 (8th Cir. 1998).

Accordingly, we affirm. We also grant counsel's motion to withdraw, and we deny Schwyhart's motion for new counsel.

_____